UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SHERRY L. JARVIS,        )
                         )
            Plaintiff,   )    Case No. 1:07-cv-450
                         )
v.                       )    Honorable Janet T. Neff
                         )
COMMISSIONER OF          )
SOCIAL SECURITY,         )
                         )    **REPORT AND RECOMMENDATION**
            Defendant.   )
_____)

This was a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for supplemental security income (SSI) benefits. On October 17, 2007, the court entered a judgment, pursuant to the stipulation of the parties, reversing the Commissioner's decision and remanding the matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Judgment, docket # 14). On October 25, 2007, plaintiff filed a motion requesting an award of $3,000.00 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 15).[1] Defendant's response (docket # 16) stated that the Commissioner would not be filing objections to plaintiff's application. The application for EAJA attorney's fees

---

[1] Plaintiff's application was premature. The judgment remanding this matter to the Commissioner did not become a "final judgment" within the meaning of the EAJA until December 17, 2007, when the government's sixty-day period within which to appeal the judgment expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Townsend v. Commissioner*, 486 F.3d 127, 131 (6th Cir. 2007). Defendant did not object, and at this juncture, any objection that the application was premature should be deemed waived.

is before me pursuant to an order of reference issued by United States District Judge Janet T. Neff. Upon review, I recommend that plaintiff's motion be granted in part and denied in part, and that judgment be entered in plaintiff's favor against defendant in the amount of $2,352.50.

## Discussion

1. Plaintiff is Entitled to an Award of EAJA Attorney's Fees

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006); *accord Townsend v Commissioner*, 486 F.3d at 129-30. Plaintiff is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004); *accord Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Therefore, I find that plaintiff is entitled to an award of attorney's fees under the EAJA.

2.    <u>Attorney's Fees</u>

The Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). Plaintiff's attorney has provided the court with a detailed statement of the 14.50 hours he expended representing plaintiff. (docket # 15 at 3, ¶ D and attached exhibit). Upon review, I find that all the hours expended by plaintiff's attorney were reasonable for the tasks he performed.

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover at a rate of $150 per hour, significantly above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *accord Martin v. Commissioner*, 82 F. App'x 453, 456 (6th Cir. 2003)("This Court [] finds that the rate of $125 per hour, as set by statute, should apply in this case, notwithstanding [plaintiff's] counsel's claim that he should be entitled to a higher rate."). The Sixth Circuit has determined that whether a cost of living adjustment above the statutory cap is warranted is a matter committed to the district court's discretion, and that a district court generally acts well within its discretion when it declines to make such an adjustment. *See Begley*, 966 F.2d at 199. I find that no adjustment above the statutory cap is warranted. The maximum hourly rate provides adequate and appropriate compensation for the work performed in this matter by plaintiff's

experienced attorney, and that no special factor warrants a rate in excess of $125 per hour. Multiplying the 14.5 hours reasonably expended by counsel and the $125 per hour rate results in a total of $1,812.50 for plaintiff's attorney's fees.

3.      Legal Assistant Fees

Plaintiff requests an award of $825.00 for work performed by the attorney's legal assistant. The legal assistant's time is presented in the EAJA application as a "fee" in the same manner as the attorney's fee. The Supreme Court and the United States Court of Appeals for the Sixth Circuit have not yet addressed the issue of whether the hours expended by a legal assistant or paralegal constitute "fees" or "expenses" under the EAJA. The Federal Circuit recently held that payments for paralegal services under the EAJA "are not recoverable as 'attorney's fees' but are recoverable as 'expenses,' allowable only at cost." *Richlin Security Serv. Co. v. Chertoff*, 482 F.3d 1358, 1359 (Fed. Cir. 2007). Paralegal or legal assistant fees have generally been considered as recoverable "to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client." *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002); *see Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). Upon review, 9 of the 13.75 hours claimed for the legal assistant's time satisfy these requirements. The remaining 4.25 hours do not:

```
5/15/07  PREPARE LETTERS FOR SERVICE                                    0.75
8/13/07  SCAN DECISION TO USE IN PREPARATION OF FILING BRIEF            1.5
8/14/07  SCAN TESTIMONY TO USE IN PREPARATION OF FILING BRIEF           2.5
```

(docket # 15, attachment). These services are clerical or secretarial in nature and do not represent legal or quasi-legal work. The $60 per hour claimed is a reasonable rate for the legal assistant's

services. Therefore, I recommend that plaintiff's EAJA award include $540.00 for the legal assistant's services (9 hours at $60 per hour).

4.    Request that the Court's Judgment Be Made "Payable" to a Non-party

Judgments are entered by the court for or against the parties to a lawsuit, not the attorneys representing the parties. The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Plaintiff is a prevailing party; her attorney is not. *See Gisbrecht v. Barnhart*, 535 U.S. at 796; *King v. Commissioner*, 230 F. App'x 476, 481 (6th Cir. 2007); *see also Manning v. Astrue*, No. 06-7127, __ F.3d __, 2007 WL 4443228, at * 3 (10th Cir. Dec. 20, 2007)(The "statutory language clearly provides that the prevailing party, who incurred the attorney's fees, and not that party's attorney, is eligible for an award of attorney's fees.")(collecting cases); *Phillips v. General Servs. Admin*, 924 F.2d 1577, 1582-83 (Fed. Cir. 1991); *Panola v. Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1510-11 (11th Cir. 1988). I recommend that the judgment for EAJA attorney's fees be entered in plaintiff's favor against defendant.

Plaintiff's application requests that the court make its judgment "payable" to plaintiff's attorney. (docket # 15 at 3). Plaintiff argues, "The attorney fee ought to be [paid] as provided in the attached copy of the Employment Contract and Assignment."[2] (*Id.* at 4). No

---

[2]Defendant's one-paragraph response to the application indicates that defendant received a copy of a contract:

> Plaintiff has submitted to Defendant a signed Assignment directing that any attorney['s] fees be paid directly to her attorney. In light of this assignment, if the Court orders an award under the Equal Access to Justice Act, Defendant does not object to the Court ordering that the award be made payable directly to Plaintiff's counsel, and in the name of counsel only, as an assignee of Plaintiff.

(docket # 16 at 1).

contract was attached to the application for EAJA fees, but this omission by plaintiff's attorney is harmless. There is nothing in the record to suggest that plaintiff will not pay her attorney for his services with the proceeds from a judgment entered in her favor. The scope of this lawsuit has never encompassed enforcement of any contract between the plaintiff and her attorney.[3] The manner in which the Commissioner elects to satisfy the monetary obligation created by the court's judgment is not properly before the court.[4]

Plaintiff's application cites the Sixth Circuit's unpublished decision in *King v. Commissioner* for the proposition that the court should order that the EAJA fee requested by plaintiff "be paid to [plaintiff's attorney] Charles A. Robinson." (docket # 15 at 4). In *King*, the Sixth Circuit reversed a district court's marginal order denying a Rule 60(b)(1) motion. The district court's underlying judgment had denied an application for EAJA fees on the basis that the plaintiff's attorney had applied for EAJA attorney's fees on her own behalf rather than on behalf of her client. The Court of Appeals found that "read as a whole" the application for EAJA fees had clearly been made by the attorney on behalf of her client:

> In this case, only the words "Now comes Plaintiff's attorney" support the conclusion that counsel applied for fees on her own behalf, and this wording may well have been inadvertent. These words might also simply convey that counsel was representing appellant in her application for attorney's fees rather than substituting herself as the real party in interest. In any case, the name of the party in interest is indicated by the fact that the application is

---

[3]It is doubtful that the court would have jurisdiction to entertain a contract dispute between plaintiff and her attorney. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994); *see also Peacock v. Thomas*, 516 U.S. 349, 355 (1996). In any event, plaintiff's attorney could not represent both sides in such a dispute.

[4]The defendant is or should be aware of payment options such as issuing a joint check payable to plaintiff and her attorney. Some courts have suggested mailing a check payable to the plaintiff at "plaintiff's attorney's address, in care of plaintiff." *See Jones v. Astrue*, No. 06-4129-JAR, 2007 WL 4556656, at * 1 (D. Kan. Dec. 12, 2007).

>captioned in the name of appellant as plaintiff and signed by counsel as "Attorney for Plaintiff"; that appellant's reply to the Commissioner's response to the application properly begins, "Now comes Plaintiff, by and through her counsel"; and that the Commissioner's response itself begins, "This matter is before the Court on Plaintiff's application for attorney fees." Thus, appellant clarified the matter in several filings before the district court, beginning significantly before the application was denied. Finally, not only appellant's appeal, but also her Motion to Amend or Alter in the district court, was brought in her own name; in both, she plaintively and repeatedly explains that the application was not made by counsel as the real party in interest, but was "*on behalf of the Plaintiff*."

230 F. App'x at 482 (emphasis in original).[5] The Court of Appeals held that the district court had abused its discretion in denying the Rule 60(b)(1), because the application for EAJA fees had been made by the attorney in a representative capacity. 230 F. App'x at 482-83. Here, plaintiff's application cites *King v. Commissioner*, but offers no substantive analysis. Plaintiff is apparently relying on this excerpt from the opinion: "[A]n attorney cannot bring an independent action for attorney's fees. However, attorney's fees awarded under the EAJA are payable to the attorney; they are awarded for the benefit of a party, but the money is not the party's to keep." *Id.* at 481. The statement that the fee is "payable" to the attorney is dictum, and it cannot be reconciled with the statute which expressly states that fees are awarded "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A).

The Tenth Circuit's very recent decision in *Manning v Astrue*, No. 06-7127, __ F.3d __, 2007 WL 4443228, at * 3 (10th Cir. Dec. 20, 2007), illustrates some of the potential problems caused when courts improperly order payment of EAJA fees be made directly to nonparty attorneys. The Tenth Circuit observed that decisions ordering such payments to attorneys failed to address why the fees were paid to counsel instead of the claimant or whether the fee awards belonged to counsel

---

[5]Here, it undisputed that the application for EAJA attorney's fees was made by plaintiff: "Plaintiff filed this Motion for attorney's fees pursuant to the Equal Access to Justice Act . . . ." (docket # 15 at 1).

or the claimant. *Id.* at * 9 n.7. The question of to whom the EAJA award was to be paid was critical in *Manning* because Janet Manning had unpaid student loan debts that she owed to the Department of Education. Manning argued that the EAJA award in her social security case was "payable" to her attorney, thus it was not subject to offset in the amount of her student loan debt to the federal agency under the Debt Collection Improvement Act. The Tenth Circuit rejected Manning's argument. *Id.* at * 3-8. It found that the statutory language, legislative history, and case law all established that EAJA attorney's fees were payable to the plaintiff rather than her attorney. *Id.* at * 8. Therefore, Manning's EAJA award was subject to administrative offset. *Id.* at 9. ("We conclude that the EAJA attorney's fees award was properly paid to Ms. Manning and that those fees were subject to administrative offset by the Debt Collection Improvement Act for student loan debts she owed to the Department of Education."). The *Manning* decision illustrates that an EAJA award belongs to the prevailing party, and as such, the award is subject to the claims of other creditors who may have a claim to the award with arguable priority over the party's attorney's claim.[6]

        Defendant remains free, at its own risk, to pay plaintiff's attorney rather than plaintiff, the prevailing party under 28 U.S.C. § 2412(d)(1)(A). Thereafter, defendant would likely have earned an opportunity to make an argument that it had effectively "satisfied" the EAJA judgment by paying someone other than the prevailing party.[7] The court, however, should not enter

---

[6]The Tenth Circuit "decline[d] to address whether an attorney's lien attached to the award of attorney's fees; if a lien attached, how that lien attached; how to enforce an attached attorney's lien; how to collect on the attorney's lien; or whether a lien would have priority." 2007 WL 4443228, at * 3. It observed, "[B]ecause . . . the EAJA attorney's fees belong to the prevailing party, we can easily conclude that Ms. Manning is properly taxed on that income." *Id.* at * 7.

[7]Although the issue is not yet ripe, it appears that this court would retain jurisdiction to determine whether its judgment had been satisfied. *See Peacock v. Taylor*, 516 U.S. at 356-57; *Riggs v. Johnson County*, 73 U.S. 166, 187 (1867)("[T]he jurisdiction of a court is not exhausted by

a judgment that is contrary to the express terms of the statute and places defendant at risk of liability for multiple payments.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motion for attorney's fees pursuant to the EAJA be granted in part and denied in part, and that judgment be entered in plaintiff's favor against defendant in the amount of $2,352.50.


Dated:   January 8, 2008 /s/  Joseph G. Scoville
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

the rendition of the judgment, but continues until that judgment shall be satisfied.").